UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | No.: 17-204 |
| DOMINIC LEE | SECTION: "J" (5) |

## ORDER & REASONS

Before the Court are a *Motion for Compassionate Release* **(Rec. Doc. 126)** and a *Motion to Reduce Sentence* **(Rec. Doc. 127)** filed by Defendant, Dominic Lee, and an omnibus opposition thereto (Rec. Doc. 136) filed by the Government. Having considered the motions and legal memoranda, the record, and the applicable law, the Court finds that both motions should be **DENIED without prejudice.**

## FACTS AND PROCEDURAL BACKGROUND

On January 23, 2020 Defendant was sentenced by this Court to 110 months imprisonment after pleading guilty to conspiracy to distribute 100 grams or more of heroin and a conspiracy to possess firearms in furtherance of a drug trafficking crime. (Rec. Doc. 118). Defendant is currently incarcerated at FCI Pollack with a projected release date of October 3, 2025.

On May 18, 2020, Defendant filed a Notice of Appeal evidencing his decision to appeal his final judgment. (Rec. Doc. 125). On May 12, 2020, the Court received Defendant's present two motions.

## DISCUSSION

## I.   THE EFFECT OF DEFENDANT'S PENDING APPEAL ON HIS MOTION TO REDUCE SENTENCE

It is well-established "that a case can exist only in one court at a time, and a notice of appeal permanently transfers the case [to the appeals court]." *United States v. Lucero*, 755 F. App'x 384, 387 (5th Cir. 2018). Here, Defendant has appealed his final judgment and sentence to the Fifth Circuit Court of Appeals, and thus the Court is stripped of its jurisdiction to grant Defendant's motions which are clearly related to his final judgment and sentence. *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (A Notice of Appeal "divests the district court of its control over those aspects of the case involved in the appeal."). A district court divested of jurisdiction due to a pending appeal may either "(1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." FED. R. CRIM. P. 37(A).

Regarding Defendant's Motion to Reduce Sentence, the Court will deny the motion without prejudice. The substance of Defendant's arguments in this motion, raising concerns with his representation during the case and certain aspects of his sentence, presumably have significant overlap with the arguments Defendant plans on raising on appeal. As a matter of judicial economy, it will be more efficient for Defendant to simply file a new motion, if he so wishes, after the completion of his pending appeal.

## II.   DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE IS PREMATURE

Turning to Defendant's Motion for Compassionate Release, the Court finds that for reasons of judicial economy the motion should be denied on procedural grounds. If "extraordinary and compelling reasons exist," a district court has the authority to reduce a prisoner's sentence via compassionate release. § 3582(c)(1)(A). Before hearing the merits of a prisoner's compassionate release motion, however, a prisoner must first meet certain procedural requirements. Specifically, a district court may only entertain a compassionate release motion if it is filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after thirty days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*

Although the Court recognizes that a minority of district courts, primarily in the Second Circuit, have found these requirements to be waivable by the sentencing court, this Court agrees with the position taken by other sections of the Eastern District of Louisiana, i.e. that failure to meet the so-called "exhaustion" requirements of 3582(c)(1)(A) forecloses the avenue to relief. *See United States v. Calogero*, No. 18-203 "R" (E.D. La. Apr. 14, 2020) (Vance, J.), ECF No. 74, at 2-3 (compassionate release inappropriate because 30 days had not passed since defendant's warden received his request, and he had not exhausted administrative remedies); *United States v. James*, No. 13-84 "G" (E.D. La. Apr. 16, 2020) (Brown, J.), ECF No. 95, at 12 (denying compassionate release for failure to exhaust administrative remedies and observing that"[t]his Court agrees with the

overwhelming majority of courts on the exhaustion issue. Section 3582(c)(1)(A)'s exhaustion requirement is set out in mandatory terms and does not enumerate any exceptions") (citing cases); *United States v. Celestine*, No. 18-83 "H" (E.D. La. Apr. 13, 2020) (Milazzo, J.), ECF No. 133, at 3 ("While this Court is sympathetic to Defendant's request, it has no authority to consider it until Defendant exhausts the requirements of the FSA.").

Here, Defendant has not exhausted his BOP administrative rights nor have thirty days passed since the warden received a request from Defendant to bring a compassionate release motion on his behalf. Thus, Defendant's motion is premature and must be denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's *Motion for Compassionate Release* **(Rec. Doc. 126)** is **DENIED** as premature.

**IT IS FURTHER ORDERED** that Defendant's *Motion to Reduce Sentence* **(Rec. Doc. 127)** is **DENIED without prejudice**.

New Orleans, Louisiana, this 25th day of June, 2020.

_____

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE